UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JESSICA BLAKE,     Plaintiff,

v.     Civil Action No. 3:20-cv-319-DJH-RSE

LIFE INSURANCE COMPANY OF NORTH AMERICA,     Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Jessica Blake seeks a declaratory judgment that the Employee Retirement Income Security Act does not govern the supplemental accidental death and dismemberment policy under which she was denied benefits. (Docket No. 23) For the reasons explained below, the Court finds that the policy is governed by ERISA and will therefore deny Blake's motion.

**I.**

This matter arose when Defendant Life Insurance Company of North America (LINA) denied Blake's claim for supplemental accidental death and dismemberment (AD&D) benefits after her husband died. As an employee at Jack Henry & Associates (JHA), Blake enrolled in Policy No. OK-980417, a voluntary supplemental AD&D policy, which provides benefits upon the accidental death of a dependent. (D.N. 25-1, PageID # 823) JHA advertised the supplemental AD&D policy in the 2019 JHA Employee Benefits Guide alongside a "basic" AD&D policy. (*Id.*) While JHA pays for the basic AD&D policy, employees pay for the supplemental AD&D policy without contribution from JHA. (*Id.*) However, JHA subscribes to the supplemental AD&D policy as a Group Accident Policy for its employees. (*Id.*, PageID # 854) JHA's internal website provides general information about the life-insurance and AD&D policies available to JHA employees, and employees enroll in insurance policies through that website. (*Id.*, PageID # 843)

1

Additionally, the website directs employees to the "Summary of Benefits" and "Summary Plan Description" (SPD) for more detailed information about the supplemental AD&D policy. (*Id.*, PageID # 845–47)  Both the SPD and the documents Blake received as a policyholder note that LINA issues the policy and list JHA as "Subscriber" and "Plan Administrator." (*Id.*, PageID # 877; D.N. 25-2, PageID # 1015)  The SPD and Blake's policy also provide certain disclosures required under ERISA.  (D.N. 25-1, PageID # 877)

On July 30, 2019, JHA filed claims with LINA seeking AD&D benefits on behalf of Blake. (D.N. 25 PageID # 773; D.N. 25-2, PageID # 1056–58)  LINA denied the claims on September 26, 2019.  (D.N. 1, PageID # 8)  Blake appealed, and LINA affirmed its denial on March 9, 2020. (*Id.*)  Blake then filed a complaint in Hardin Circuit Court, claiming that LINA breached the supplemental AD&D policy when it failed to pay benefits to her following the death of her husband.  (*Id.*)  LINA removed the case to this Court, invoking the Court's federal-question and diversity jurisdiction.  (D.N. 1)  The parties dispute whether ERISA governs Blake's supplemental AD&D policy.  (D.N. 23, PageID # 648; D.N. 25, PageID # 773)

On January 20, 2021, the Court ordered the parties to submit briefs as to whether the supplemental AD&D policy is subject to ERISA.  (D.N. 22)  Blake argues that the policy falls under ERISA's "safe harbor" as set forth in 29 C.F.R. § 2510.3-1(j), and thus is exempt from ERISA.  (D.N. 23, PageID # 651)  Meanwhile, LINA contends that the benefits fall outside the safe harbor and form part of an ERISA plan "established and maintained" by JHA under 29 U.S.C. § 1002(1).  (D.N. 25, PageID # 775–76)

## II.

If ERISA governs a policy, the "plaintiff's claims under state law are preempted and federal common law will apply to determine her recovery."  *Thompson v. Am. Home Assurance Co.*, 95

F.3d 429, 434 (6th Cir. 1996) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56-57 (1987)). ERISA regulates employee benefit plans that "through the purchase of insurance or otherwise" provide medical, surgical, or hospital care, or "benefits in the event of sickness, disability, accidents, or death" to enrollees or their beneficiaries. 29 U.S.C. § 1002(1).

In deciding whether ERISA governs an employee benefit plan, the Court must undertake a three-step analysis. *See Thompson*, 95 F.3d at 435. The Court first applies the "safe harbor" regulations under 29 C.F.R. § 2510.3-1(j) "to determine whether the program [is] exempt from ERISA." *Id.* (citing *Fugarino v. Hartford Life & Accident Ins. Co.*, 969 F.2d 178, 186 (6th Cir. 1992)). "Second, the court must look to see if there was a 'plan' by inquiring whether 'from the surrounding circumstances a reasonable person [could] ascertain the intended benefits, the class of beneficiaries, the source of financing, and procedures for receiving benefits.'" *Id.* (quoting *Int'l Resources, Inc. v. N.Y. Life Ins. Co.*, 950 F.2d 294, 297 (6th Cir. 1991)). "Finally, the court must ask whether the employer 'established or maintained' the plan with the intent of providing benefits to its employees." *Id.* (citing *McDonald v. Provident Indem. Life Ins. Co.*, 60 F.3d 234, 236 (5th Cir. 1995)). As explained below, the Court concludes that 1) the supplemental AD&D policy does not fall within the safe-harbor exemption; 2) an ERISA plan exists; and 3) JHA established and maintained the plan to provide benefits to its employees, the policy is subject to ERISA.

**A.  Safe Harbor**

An insurance policy does not qualify as an "employee welfare benefit plan" subject to ERISA if

> (1) the employer makes no contribution to the policy; (2) employee participation in the policy is completely voluntary; (3) the employer's sole functions are, without endorsing the policy, to permit the insurer to publicize the policy to employees, collect premiums through payroll deductions and remit them to the insurer; and (4) the employer receives no consideration in connection with the policy other than

> reasonable compensation for administrative services actually rendered in connection with payroll deduction.

*Thompson*, 95 F.3d at 434 (citing 29 C.F.R. § 2510.3–1(j)). "A policy will be exempt under ERISA only if all four of the 'safe harbor' criteria are satisfied." *Id.* at 435. The parties do not dispute that prongs (2) and (4) are met here: enrollment in the supplemental AD&D policy was voluntary (D.N. 23-2, PageID # 732), and JHA received "no consideration in connection with the policy other than reasonable compensation for administrative services actually rendered." *Thompson*, 95 F.3d at 434. (*See* D.N. 25, PageID # 776)

At issue is whether JHA "contributed to" and "endorsed" the supplemental AD&D policy. Blake claims that the safe harbor applies because LINA cannot show that JHA contributed to or endorsed the policy. (D.N. 23, PageID # 650) Specifically, Blake argues that because she paid all the premiums on the supplemental AD&D policy, JHA did not contribute to the policy under *Thompson*. (D.N. 30, PageID # 1072) Likewise, Blake asserts that JHA failed to endorse the policy because it behaved "neutrally" towards the plan. (*Id.*) In contrast, LINA contends that JHA contributed to the policy by paying into the employee welfare benefit plan. (D.N. 29, PageID # 1001) LINA also maintains that JHA endorsed the policy due to its involvement in procuring, advertising, and administering the policy. (*Id.*, PageID # 1003)

"A benefits plan falls within the protections of the safe harbor only if the employer makes no contributions to the plan." *Latham v. Lincoln Nat'l Life Ins. Co.*, 133 F. Supp. 3d 875, 880 (E.D. Ky. 2015) (citing 29 C.F.R. § 2510.3–1(j)). The Sixth Circuit has relied on the policy objectives of ERISA to determine whether an employer "contributed" to a plan. *See Helfman v. GE Grp. Life Assurance Co.*, 573 F.3d 383, 390 (6th Cir. 2009). Emphasizing the need for a uniform application of ERISA to different employees under the same plan, the court found that an employer contributed to a plan when it paid for only some employee benefits. *Id*. (citing *Raymond*

*B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1 (2004)); *see also Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 698 (6th Cir. 2005) ("The purpose of ERISA preemption was to avoid conflicting federal and state regulation and to create a nationally uniform administration of employee benefit plans.").

District courts have used the reasoning in *Helfman* to find that "[c]omponent policies of an overall benefits plan cannot be considered independent of the plan for 'safe harbor' analysis purposes." *See Pemberton v. Reliance Standard Life Ins. Co.*, No. 08-86-JBC, 2008 WL 4498811 (E.D. Ky. Sept. 30, 2008) (employer "contributed" to long term benefits policy when it subsidized other benefits in the employee health plan); *Fitzgerald v. Cont'l Ins. Co.*, No. 5:07-413-JMH, 2008 WL 5427635, at *1 (E.D. Ky. Dec. 30, 2008) (employer "contributed" to a supplemental AD&D policy when it did not subsidize the supplemental policy but paid for a basic AD&D policy); *Latham*, 133 F. Supp. 3d at 879 (employer "contributed" to a long term benefits policy when it subsidized some benefits of its employee health plan but did not pay for the policy at issue).

Here, Blake argues that JHA did not "contribute" to the supplemental AD&D policy because JHA did not pay for that policy coverage, even though JHA subsidized other policies under its employee benefit plan. (D.N. 30, PageID # 1072) Relying on *Thies v. Life Insurance Co. of North America*, Blake points to the court's finding that the employee satisfied prong one because he "chose his amount of coverage and paid the corresponding premium," although the employer paid for other insurance policies under the plan. (*Id.*, PageID # 1073 (citing *Thies v. Life Ins. Co. of N. Am.*, No. 5:09-CV-98, 2010 WL 3635326 (W.D. Ky. Sept. 14, 2010))). However, the interpretation of "contribution" in *Thies* is inconsistent with the Sixth Circuit's reasoning in *Helfman* and the cases that follow *Helfman*, as well as the conclusions of several circuit courts. *See, e.g.*, *Gross v. Sun Life Assurance Co. of Can.*, 734 F.3d 1, 10–11 (1st Cir. 2013) (concluding

that employer "contributed" when it paid for AD&D policies but not the long-term disability policy at issue); *Gaylor v. John Hancock Mut. Life Ins. Co.*, 112 F.3d 460, 463 (10th Cir. 1997) (finding that optional, employee-paid disability insurance was not severable from mandatory disability insurance paid for by the employer); *Smith v. Jefferson Pilot Life Ins. Co.*, 14 F.3d 562, 567–68 (11th Cir. 1994) (refusing to sever optional employee-funded AD&D dependent insurance from the employee benefits plan). The *Helfman* court emphasized that subjecting employees to different state and federal regulations under the same plan would frustrate the purpose of ERISA preemption. 573 F.3d at 390. Similarly, *Latham* recognized that various policies under a benefit plan "ought not be unbundled." 133 F. Supp. 3d at 879 (quoting *Fitzgerald*, 2008 WL 5427635, at *4). The Court therefore declines to adopt the reasoning in *Thies*.

Considering the policy objectives underlying *Helfman* and consistent with other district courts in the Sixth Circuit, the Court finds that JHA "contributed to" the supplemental AD&D policy under prong one of the safe-harbor test in *Thompson*. *See* 95 F.3d at 434. Because the Court finds that JHA "contributed to" the supplemental AD&D policy, Blake cannot satisfy the safe-harbor exemption. *See Thompson*, 95 F.3d at 435 ("A policy will be exempt under ERISA only if all four of the 'safe harbor' criteria are satisfied.").

**B.    A "Plan" Exists**

An ERISA "plan" exists if "from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Int'l Res.*, 950 F.2d at 297 (quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982)). A court "reviews the plan as a whole to see if a 'plan' exists." *Latham*, 133 F. Supp. 3d at 886 (citing *Pemberton*, 2008 WL 449881, at *6). In *Latham*, the court found that a voluntary policy paid for by an employee was nonetheless part of an ERISA "plan" after examining the four

6

factors found in *International Resources*. *Id.* Both *Latham* and *Pemberton* considered the employee benefits package as a whole when analyzing the existence of an ERISA plan. *See id.*; *Pemberton*, 2008 WL 4498811, at *6.

Blake argues that this Court should consider the supplemental AD&D policy separately from the JHA employee benefits package because the policy is not mentioned in the JHA Employee Benefits Guide. (D.N. 23, PageID # 656) However, the policy is listed directly below the basic AD&D policy in the Employee Benefits Guide, indicating that the supplemental AD&D policy is part of the employee benefits package. (D.N. 23-2, PageID # 732) Moreover, even if the Court considered the supplemental AD&D policy separately from the employee benefits package, it would still find that the policy satisfies the *International Resources* factors. *See Int'l Res.*, 950 F.2d at 297. Documents JHA and LINA provided to Blake outlining the policy, including the Employee Benefit Guide and SPD, provide the information required under *International Resources*. *Id.* The "intended benefits" are supplemental AD&D benefits, and the "beneficiaries" are full-time JHA employees. *Id.* (D.N. 25-1, PageID # 856–57) Individual employees act as the "source of financing" in paying for the policy, and the "procedures for receiving benefits" are outlined in both the SPD and the policy LINA issued to Blake. *See Int'l Res.*, 950 F.2d at 297. (*See* D.N. 25-1, PageID # 845–46) Because all of the *International Resources* factors are present, an ERISA "plan" exists. *See Int'l Res., Inc.*, 950 F.2d at 297.

**C.     "Established and Maintained" to Provide Benefits to Employees**

Lastly, "the court must ask whether the employer 'established or maintained' the plan with the intent of providing benefits to its employees." *Thompson*, 95 F.3d at 435 (citing *McDonald v. Provident Indem. Life Ins. Co.*, 60 F.3d 234, 236 (5th Cir.1995)). "Employers may establish ERISA plans very easily." *Libbey-Owens-Ford Co. v. Blue Cross & Blue Shield Mut. of Ohio*,

7

982 F.2d 1031, 1034 (6th Cir. 1993) (citing *Int'l Res., Inc.*, 950 F.2d at 297). Under ERISA, an employer can create plans simply by purchasing a group health insurance policy, even when it "does not retain control, administrative power, or responsibility for benefits." *Id.* Indeed, the Sixth Circuit has found that an employer established an ERISA plan by merely "obtaining coverage" for its employees. *Id.*

Blake argues that LINA fails to prove that JHA established and maintained the plan because the actual owner of the policy is "Trustee of the Group Insurance Trust for Employers in the Services Industry." (D.N. 23, PageID # 657) However, JHA is listed as the "Policyholder" and "Subscriber" in the SPD. (D.N. 25-1, PageID # 856, 881) Moreover, the Court has previously found that listing a "Trustee of the Group Insurance Trust" as the policyholder was not sufficient to defeat a finding that an employer established and maintained a plan. *See Thies*, 2010 WL 3635326, at *6. Finally, JHA negotiated the terms of the supplemental AD&D policy with LINA as part of its employee benefit plan. *See Latham*, 133 F. Supp. 3d at 887 (finding that an employer that contracted with an insurance company to provide certain benefits "established and maintained" a plan). (D.N. 25-2, PageID # 1009) Therefore, JHA established and maintained an ERISA plan. *See Thompson*, 95 F.3d at 438.

### III.

This Court finds that ERISA governs the supplemental AD&D policy Blake purchased through LINA. Blake failed to show that she meets the safe harbor articulated in *Thompson* because JHA contributed to the policy. *See id.* Further, the Court concludes that an ERISA plan exists, and JHA established and maintained that plan with the purpose of providing benefits to its employees. *See id.*

Accordingly, and the Court being otherwise sufficiently advised, it is hereby

8

**ORDERED** as follows:

(1) Blake's motion for declaratory judgment finding that ERISA does not govern the accidental death and dismemberment policy at issue (D.N. 23) is **DENIED**.

(2) To the extent that LINA seeks an order addressing whether this action is governed by ERISA (D.N. 25), that request is **GRANTED**.

(3) ERISA **GOVERNS** the Accidental Death & Dismemberment (AD&D) benefits LINA issued to Blake under Policy No. OK-980417.

(4) The matter is **REFERRED** (D.N. 6) again to Magistrate Judge Regina S. Edwards to establish a final litigation schedule without regard to the parties' previous intentions as set out in the Joint Scheduling Order at D.N. 22, and to schedule a settlement conference.

September 27, 2021

David J. Hale, Judge
United States District Court